## Kershenstein, Appellant, v. Johnstown et al.

Argued January 16, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Alvin Sherbine,* for appellant.

*Tillman K. Saylor,* City Solicitor, with him *Friedjoff D. Tappert,* for appellees.

PER CURIAM, March 20, 1933:

John Kershenstein appeals from an order of the Court of Common Pleas of Cambria County dismissing his petition for and quashing a writ of alternative mandamus, directed to the mayor and members of council of the City of Johnstown, a third-class city, requiring his reinstatement as a police officer of that municipality. The petition alleges that charges of "immoral conduct or conduct unbecoming an officer, and likely to bring reproach upon the force" were made against petitioner in a communication addressed to the mayor by the chief of police of defendant city, and that a copy of this communication was delivered to city council and filed as a complaint with that body. It is further averred that no report was made to council by the mayor, but that, pending the latter's investigation of the charge, petitioner was relieved from duty and did not exercise his right as policeman from June 4, 1932, to midnight of October 11, 1932. On the last named date, petitioner, at the direction of the mayor, reported for duty but was advised that, under orders from the chief of police, he would not be permitted to resume his duties as a police officer, and has not, since June 4, 1932, acted as such officer. On October 12, 1932, the mayor sent to the members of city council a communication in which it was stated that "after a thorough investigation of all the facts and circumstances ......I find on the part of......John Kershenstein no immoral conduct or conduct unbecoming an officer as would bring reproach upon the police force of the City of Johnstown."

The petition further avers that, on October 15, 1932, following a hearing upon the charges before council, preferred by the chief of police, appellant was discharged from the police force, and that this action of council was

without authority in law, for which reason he now seeks re-instatement to the office.

Separate answers were filed to the petition by the mayor and members of council. That of Mayor Mc-Closkey admitted all averments of the petition and asserted that in all matters referred to therein his action was "in strict conformity with the laws of the Commonwealth."

The answer of the remaining defendants, members of council, averred that the hearing of the charges against appellant before council on October 15, 1932, was held on the written complaint of the chief of police and after due notice given petitioner; that, although neither the mayor nor petitioner was present, the latter was represented by counsel; that, after hearing and considering all evidence and testimony submitted, petitioner was found guilty of the charges preferred against him and, by the unanimous vote of the four members of council present, was discharged from the police force. To this answer petitioner demurred.

The question presented for our consideration is whether the council of a city of the third class has the right to hear a complaint against and dismiss a police officer, after the mayor has reported to council that he had investigated the complaint and determined the charges to be unfounded. The court below, in a lengthy and comprehensive opinion, painstakingly reviewed all the relevant legislation and decisions on this subject up to and including the "Third Class City Law" approved June 23, 1931, P. L. 932, and held that the council of municipalities of such cities has the power to hear and determine, independently of the mayor, charges against city police officers. We agree with this conclusion.

The question raised by appellant is clearly governed by the provisions of the Act of 1931, above referred to. The portions of previous acts upon which appellant rests his claim were expressly repealed by the latter act, and not reënacted therein.

Article IX, section 901, of the Act of 1931 provides that "council shall have the power of appointment and dismissal of all employees and subordinate officers of the city, and shall provide for the removal of officers of the city except where otherwise provided by this act."

Article XLIV (civil service) provides in section 4408 as follows:

"All employees subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employees. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them."

In cases of the character of the one now before us, these two sections must be read together, and when so considered, show conclusively that council was entirely within its powers in hearing the complaint against and dismissing petitioner from the police force of defendant city.

The order of the court below is affirmed at appellant's cost.