## Davidson et al. v. City of Beaver Falls

*Lawrence M. Sebrig*, for plaintiffs.
*Joseph A. Tritschler*, for defendants.

READER, P. J., July 25, 1939.—Plaintiffs in the above-entitled proceeding are police officers of the City of Beaver Falls. Defendants are the said city, its mayor, and the members of its city council. The bill avers that the Borough of Beaver Falls was incorporated as a borough on November 9, 1868, and that the municipality became a third class city on January 1, 1930. The bill states the ages of plaintiffs, and the period of time during which they have been acting continuously as police officers of said Borough of Beaver Falls, and in the said City of Beaver Falls.

The bill avers that under certain legislation, therein recited, it was the duty of said city to establish a police pension fund, but that this duty was neglected and no steps taken to establish such a fund until February 20, 1939, when the said city enacted an ordinance for the purpose of establishing such a police pension fund. A copy of the ordinance is attached to and made a part of the bill. The bill further avers that certain of the provisions of the said ordinance are illegal, being contrary to the provisions of the statutes under which the ordinance purports to have been enacted, and that by reason of these illegal provisions of the ordinance the ordinance as a whole should be declared illegal and void.

By agreement of the parties a hearing was had in the case before the writer of this opinion, sitting as a chancellor, on May 23, 1939. At the hearing certain testimony was offered on behalf of plaintiffs in the bill. No testimony was offered on behalf of defendants. It was stipulated by counsel for plaintiffs and defendants that the copy of the ordinance attached to the bill is a true and

correct copy of the ordinance in question, and that it was duly enacted and approved on February 20, 1939. It was stipulated that the hearing held as aforesaid should be the final hearing in the case.

From a consideration of all the evidence presented we make the following

*Findings of fact*

1. The Borough of Beaver Falls, Beaver County, Pa., was duly incorporated as a borough under the laws of the State of Pennsylvania on November 9, 1868.

2. The said municipality referred to in the preceding finding of fact was incorporated and organized as a third class city under the laws of the State of Pennsylvania on January 1, 1930.

3. John S. Tress is now the duly-elected and acting mayor of the said City of Beaver Falls, and the said G. W. Majors, L. W. Kelley, Harry Brotherton, and Sam Arent are the qualified and acting councilmen of the said City of Beaver Falls.

4. Plaintiffs were born on the dates set opposite their respective names:

William J. Davidson . . . . . . . . . . . April 30, 1875
Frank G. McPherson . . . . . . . . . March 13, 1876
J. H. Cearfoss . . . . . . . . . . . . January 26, 1880
John G. Harrison . . . . . . . . . . . March 13, 1885

5. Plaintiffs are policemen by election and appointment first by the Council of the Borough of Beaver Falls, and later by the Council of the City of Beaver Falls, and have served continuously from the dates set opposite their names, respectively:

William J. Davidson . . . . . . . February 21, 1928
Frank G. McPherson . . . . . . January 31, 1928
J. H. Cearfoss . . . . . . . . . . . . . . . April 15, 1927
John G. Harrison . . . . . . . . . . . . . May 26, 1928

6. With a view to establishing a police pension fund or a police retirement fund in and for the City of Beaver Falls, Beaver County, Pa., the said city, by its proper

authorities, duly enacted, on February 20, 1939, an ordinance entitled "An ordinance creating and establishing a police retirement fund in the City of Beaver Falls, Beaver County, Pa., and authorizing the appropriation of moneys for the same, providing for retirement of officers and employes of the police department."

7. Section 1 of the said ordinance reads as follows:

"Section 1. That there be and is hereby created the Beaver Falls Police Retirement Fund Association, which shall have in charge the distribution of the police retirement fund for the members of the Police Department of the City of Beaver Falls and shall designate the beneficiaries thereof as herein directed. Said association shall consist of the mayor, the city controller, the city finance officer, whose membership shall be concurrent with their tenure of office, two residents other than city employes of Beaver Falls that are property owners in the City of Beaver Falls, one of whom shall be appointed by the mayor of the said city, and one of whom shall be chosen by the police of said city, who shall serve for a period of four (4) years, or until their successors are named, and two persons to be selected from among the policemen of the said city to serve for a period of one year and to be chosen by the officers and employes of the police department."

8. Section 4 of said ordinance reads as follows:

"Section 4. Every officer or employe of the police department, who shall have served for a continuous period of twenty (20) years from January 1st, 1930 (One thousand nine hundred thirty) and shall have reached the age of at least fifty (50) years shall be entitled to be retired and eligible to benefits, at the option and upon the recommendation of the retirement fund association, or he may make application to the said association for retirement, and said association may then order and direct such officer or employe to be paid out of the said Police Retirement Fund, a yearly sum payable in monthly installments equal to one half the yearly salary paid by the city to officers and employes of the same rank which he held in said police

department at the time of his retirement. Any officer or employe of the police department shall automatically be retired when he reaches the age of sixty (60) years, on retirement prescribed by law."

9. Section 6 of said ordinance reads as follows:

"Section 6. If for any cause whatsoever, any officer or employe of the police department shall cease to be an officer or employe of said department for any other reason than provided in this ordinance, he shall not be entitled to benefits under this ordinance, then eighty-five (85) percent of the total amount of the contribution paid into the retirement fund by such officer or employe out of his salary shall be refunded to him without interest. In the event of the death of an officer or employe before he becomes entitled to the benefits herein provided, eighty-five (85) percent of the total amount of his contribution, without interest, shall be paid to the estate of such deceased officer or employe. In the event of the death of such member of this association before he shall have received as much as he contributed to said fund, eighty-five (85) percent of the surplus, without interest, shall be paid to his estate. No officer or employe shall be entitled to benefits who does not make the payments herein required, regularly."

*Discussion*

The facts involved in the present proceedings are not in dispute. We think they support the findings of fact hereinbefore stated, and that no discussion of the evidence is required. It was conceded at the trial that the questions involved are questions of law only.

It is contended on behalf of plaintiffs that the ordinance in question is illegal in several respects: It is urged that section 1 of the ordinance is illegal in that it provides for the control and management of the retirement fund by a body embracing persons other than officers of the city; that section 4 of the said ordinance is illegal insofar as it fixes the beginning of the period of continuous service as

of January 1, 1930; insofar as it requires that an officer shall have reached the age of 50 years before becoming eligible to be retired and to receive a pension, or payment out of the retirement fund. It is further urged that section 4 is illegal in providing that such officer shall be entitled to retire and to become eligible to benefits "at the option and upon the recommendation of the retirement fund association". It is also urged that the said section 4 is illegal insofar as it provides: "Any officer or employe of the police department shall automatically be retired when he reaches the age of 60 years, on retirement prescribed by law." It is also urged that the ordinance is illegal with respect to the provisions of section 6 to the effect that one ceasing to be an officer, as provided in the section, shall be entitled to withdraw only 85 percent of the total amount of the contribution paid into the retirement fund by him. The same objection is made as to the other provisions of the section, in case of the death of an officer before becoming entitled to participate in the retirement fund, or the death of an officer who has been receiving payments from the retirement fund prior to his having received as much as he contributed. In these latter cases, also, the section provides that the estate of the deceased officer shall be entitled to withdraw only 85 percent of the contribution made by him, or 85 percent of the surplus thereof over and above the amounts received by him from the retirement fund prior to his death.

The decision of these questions depends wholly upon the construction of the acts of assembly relating to the creation of such a pension fund, or retirement fund. We consider first, therefore, the question as to the statute or statutes governing the creation and administration of such a pension or retirement fund by cities of the third class. We think some confusion has arisen in the pleadings and in the discussions of the case by reason of the failure to clearly distinguish between the different acts of assembly providing for the creation of such pension or retirement systems.

The bill cites the Act of May 24, 1893, P. L. 129, and the Act of May 2, 1929, P. L. 1272, these two statutes (the later amending the earlier) being found in 53 PS §341. The bill also cites the Act of July 2, 1937, P. L. 2795, which is found in 53 PS §341 of the Cumulative Annual Pocket Part. This Act of 1937 is an amendment of the Acts of 1893 and 1929 hereinbefore referred to. The other act cited in the bill is The Third Class City Law of June 23, 1931, P. L. 932, 53 PS §12198-4301, etc. This act is The Third Class City Law, and it expressly repeals the Acts of 1893 and 1929, above cited, insofar as relates to third class cities. Unless the amending Act of July 2, 1937, above cited, extends the earlier Acts of 1893 and 1929 to third class cities, none of the provisions of these Acts of 1893, 1929, and 1937 has any application to such cities. We are satisfied that the amendment of the Acts of 1893 and 1929 by the Act of 1937 does not extend them to third class cities. The repeal of these earlier acts by The Third Class City Law of 1931 continues in effect notwithstanding the amending Act of 1937. We think this is a general·principle of statutory construction, and we think it is the effect of the Statutory Construction Act of May 28, 1937, P. L. 1019. Section 83 of article VI of this act provides as follows:

"Section 83. Effect on Re-enactment of Intervening Law.—A law which re-enacts the provisions of an earlier law shall not be construed to repeal an intermediate law which modified such earlier law. Such intermediate law shall be construed to remain in force and to modify the re-enactment in the same manner as it modified the earlier law."

We are satisfied, therefore, that the questions before us are to be determined entirely from a consideration of the provisions of The Third Class City Law of June 23, 1931, P. L. 932. The various provisions of this act are found in 53 PS Ch. 99A. Section 4301 of article XLIII of this act (53 PS §12198-4301) provides for the establishment of a police pension fund. Among other things, it

provides "which fund shall be under the direction of council or committed to the direction of such officers of the city as may be designated by council, and applied, under such regulations", etc. Tested by this provision of the Act of 1931, we are of the opinion that section 1 of the ordinance of the City of Beaver Falls in question violates the statute insofar as it attempts to create an association for the management of the fund embracing persons who are not officers of the city.

As hereinbefore noted, several objections are made to the legality of section 4 of the ordinance. It is objected, first, that this section improperly fixes the beginning period of continuous service as of January 1, 1930. We are satisfied, however, that this provision of the section is not objectionable. This is the date when the City of Beaver Falls became a third class city; and we are of the opinion that provision could not be made for the beginning of a term of service prior to that date. The service of plaintiffs rendered to the Borough of Beaver Falls prior to January 1, 1930, cannot properly be treated as service to the city itself.

The other provisions of this section of the ordinance to which objection is made are to be tested by the provisions of section 4302 of The Third Class City Law of 1931, 53 PS §12198-4302. This section reads as follows:

"Such ordinance may prescribe a minimum period of continuous service, not less than twenty years, after which members of the force may be retired from active duty, and such members as are retired shall be subject to service, from time to time, as police reserve until unfitted for such service, when they may be finally discharged by reason of age or disability."

Under this provision of the statute a continuous service of 20 years is properly required as a condition of eligibility to a pension, or participation in the retirement fund. Section 4 of the ordinance, however, couples with this the requirement that the officer shall have reached the age of at least 50 years. We find no provision in The

Third Class City Law of 1931 which authorizes such a requirement. A provision to this effect is found in the Act of July 2, 1937, hereinbefore referred to. This act prescribes the minimum period of continuous service of not less than 20 years, and a minimum age of 50 years as conditions precedent to an officer's becoming entitled to participate in the retirement fund. It is to be noticed that this provision as to the 50-year age is not found in either the Act of 1893 or the Act of 1929. This provision of the Act of 1937 is not applicable to third class cities for the reasons hereinbefore stated.

Section 4 of the ordinance, after fixing the term of continuous service and the minimum age of 50 years, provides: "shall be entitled to be retired and eligible to benefits at the option and upon the recommendation of the retirement fund association." This provision of the section is also objected to by counsel for plaintiffs. It is possibly somewhat ambiguous. If it were interpreted to mean that in no event could such an officer become entitled to retirement and the benefits under the retirement fund except at the option and upon the recommendation of the retirement fund association, we would have no doubt that it would be an illegal requirement. It is possible, however, that its purpose in the section is simply to provide for the initiation of proceedings to retire an officer by the retirement fund association, and giving it an option to so proceed; also leaving it in the option of the officer himself to initiate the proceedings for his retirement. Should another ordinance be enacted we think this ambiguity should be cleared up, and it should clearly appear that an officer who has otherwise met the requirements of the statute and the ordinance should be entitled to retirement and participation in the retirement fund, and should not be subject to any optional power of the retirement fund association to exclude him.

Another provision of this section objected to is the following: "Any officer or employe of the police department shall automatically be retired when he reaches the age

of sixty (60) years, on retirement prescribed by law." We are unable to find any provision in The Third Class City Law which empowers the city to provide for automatic retirement of a police officer at any age. If there is such a provision, it has not been called to our attention by counsel, and we have not been able to discover it in reading those portions of the statute which relate to the appointment and retirement of police officers, or to the establishment and regulation of a retirement or pension fund.

The appointment of policemen for a third class city is regulated by section 2001 of the said Act of 1931, 53 PS §12198-2001. The section provides in part as follows:

"The council shall fix, by ordinance, the number, rank and compensation of the members of the city police force, who shall be appointed in accordance with the civil service provisions of this act."

In other sections of the act, beginning with section 4401, 53 PS §12198-4401, provisions are made for the appointment and retirement of police officers in and for third class cities on the basis of civil service requirements. The provision for the suspension and reduction of employes is found in section 4408, 53 PS §12198-4408. This section reads as follows:

"All employes subject to civil service shall be subject to suspension by the director of the department for misconduct, or violation of any law of this Commonwealth, any ordinance of the city, or regulation of the department, pending action by the city council upon the charges made against any of such employes. On hearing before the city council, where they may be represented by counsel, they may be fined or suspended for a period not exceeding thirty days with or without pay, or they may be discharged by city council, if found guilty of the charges made against them. The director of each such department may, for misconduct or violation as aforesaid, suspend any employe of such department for a period of ten days, with or without pay, without preferring charges

and without a hearing of council: Provided, however, That if it should become necessary to reduce the number of men in said department for purposes of economy, seniority rights shall prevail, and any and all removals for such cause or causes shall be from the members last appointed, and the member or members serving the shortest time shall be removed first; but members with longer times of service may be discharged for cause."

We find in The Third Class City Law no provision for suspending, dismissing, or retiring such police officers except in accordance with this section. Under this section it has been held that police officers may be discharged for conduct unbecoming an officer: Zimmerman v. City of Lebanon et al., 320 Pa. 581; Bradycamp v. Metzger, Mayor, et al., etc., 310 Pa. 320; Kershenstein v. Johnstown et al., 310 Pa. 446; and it is also held under this section that officers may be suspended or dismissed as an incident to a reduction of the force as a matter of economy: Essinger v. New Castle, 275 Pa. 408.

We are satisfied from the terms of this section of The Third Class City Law, and the construction given to it in the respects above referred to, that it would also justify the dismissal of an officer who, by reason of age or mental or physical incapacity, had become unable to perform the duties of his office. We are satisfied, however, that it does not empower the council of a third class city to arbitrarily fix a retirement age applicable to all officers. We think this construction of this section of the act is consistent with the provisions of section 4302 hereinbefore quoted. This section evidently contemplates that, after a continuous service of 20 years, an officer may be retired from active duty, but shall still remain subject to service from time to time until unfitted for such service, when he may be finally discharged by reason of age or disability.

The remaining section of the ordinance to which objection is made by plaintiffs is section 6. This is the section providing for the refunding to officers, or their estate, of 85 percent of the contribution made by such of-

ficers in the event of their ceasing to be an officer or employe and not being entitled to benefits, or in the event of the death of such officer or officers before becoming entitled to benefits under the retirement fund, or in the event of the officer having been retired and dying before receiving from the retirement fund sums equal to the amount of his contribution. The objection is that council may not legally fix an arbitrary percentage, such as 85 percent, of the contributions, or any other sum less than the total amount of the contributions as the amount which may be withdrawn under the various situations defined in the section.

It seems to us, however, that council may make provision for the withdrawal of contributions, or part thereof, and for limiting the withdrawal to an amount less than the entire contribution. The fund as a whole is subject to the payment of certain expenses of administration provided in the statute. This and other contingencies may make it good policy to limit the amount which may be withdrawn at any time to a reasonable percentage of the contributions. We are satisfied that this is a matter within the discretion of the city council, subject to the general requirement that the provisions of the ordinance must be reasonable under all the circumstances. The court has no power to limit the discretion of the council in this respect, except to the extent of requiring that it be reasonable. There is no evidence before us which would enable us to determine at this time the reasonableness of the provision of the ordinance in this respect.

We are of the opinion that the ordinance is contrary to the provisions of the statute in the respects hereinbefore indicated; and in certain of these respects we think the illegality is such as to be vital to the ordinance. While there are many provisions of the ordinance which we think would be embraced in any legal ordinance, we think it is impossible to sustain the present ordinance at all by reason of the defects which we have already discussed.

*Conclusions of law*

1. The Ordinance of the City of Beaver Falls, enacted and approved February 20, 1939, is illegal insofar as it includes in the membership of the Beaver Falls Police Retirement Fund Association persons who are not officers of said city.

2. Said ordinance is illegal insofar as section 4 thereof fixes a minimum age of 50 years as a condition of eligibility to retirement and participation in the retirement fund.

3. Said ordinance is illegal insofar as section 4 thereof provides that the retirement of any officer, and his participation in the retirement fund is optional with the retirement fund association.

4. Said ordinance is illegal insofar as section 4 thereof provides that any officer or employe of the police department of the said city shall automatically be retired when he reaches the age of 60 years.

5. By reason of the illegal features of said ordinance, stated in the foregoing conclusions of law, the said ordinance as a whole is illegal and void.

In accordance with the foregoing findings of fact and conclusions of law, the following decree nisi is entered:

*Decree nisi*

Now, to wit, July 25, 1939, upon consideration of the foregoing case, it is ordered, adjudged, and decreed as follows: The ordinance enacted and approved by the City of Beaver Falls on February 20, 1939, entitled "An ordinance creating and establishing a police retirement fund in the City of Beaver Falls, Beaver County, Pa., and authorizing the appropriation of moneys for the same, providing for retirement of officers and employes of the police department", is illegal and void, and the same is hereby declared to be a nullity as a whole.