## Myers *v.* Hartnett, Appellant.

Argued April 20, 1943. Before KELLER, P. J., BALD-
RIGE, STADTFELD, RHODES, KENWORTHEY and RENO,
JJ. (HIRT, J., absent).

*Frank P. Barnhart,* for appellant.

*John P. Saylor,* of *Spence, Custer & Saylor,* for ap-
pellee.

OPINION BY RHODES, J., July 22, 1943:

This is an appeal from a judgment in mandamus pro-
ceedings commanding the defendant to certify the name
of plaintiff for the payment of salary as an employee of
the City of Johnstown.

In 1925 council of the City of Johnstown by ordi-
nance provided for municipal collection and disposal
of garbage in the city. The ordinance contained the
following:

"Section 3. The Superintendent of Public Safety,
subject to the approval of Council, shall employ such
labor and services, and purchase such supplies and
equipment, according to law, as will be necessary in
the disposal and collection in the City of Johnstown of
garbage and rubbish as more particularly defined by
ordinance hereafter to be enacted."

Plaintiff was employed by one of the councilmen who had been designated by council as Superintendent of Public Safety (now Director of the Department of Public Safety). His employment was continued by succeeding heads of that department. On June 30, 1942, council adopted a resolution to the effect that plaintiff "be, and he is hereby removed from the Office of Superintendent of Garbage Collection ...... effective July 1, 1942." [1] This was followed on July 14, 1942, by action of council declaring that "the office of Superintendent of Garbage Collection be abolished effective July 15, 1942.[2]

It does not appear that an office of superintendent of garbage collection had been created by statute or ordinance. Such designation was merely descriptive of plaintiff's duties as an employee. Notwithstanding council's action, the Director of the Department of Public Safety, a member of council, continued to certify the name of plaintiff on the payroll of that department. Defendant, Director of the Department of Accounts and Finances and also a member of council, deleted the name of plaintiff from the payrolls which he delivered to the city controller for audit.

Plaintiff thereupon petitioned the court of common pleas for a writ of alternative mandamus. In accordance with the prayer of the petition, the court directed that a writ issue to defendant to show cause why he

---

[1] "Resolved, that H. T. Myers be, and he is hereby removed from the Office of Superintendent of Garbage Collection of the City of Johnstown, Pa., effective July 1, 1942.

"John A. Conway, Mayor.

"Adopted June 30, 1942

"Attest: John J. Cullen, City Clerk."

[2] "Mayor Conway then moved that Council declare that the office of Superintendent of Garbage Collection be abolished effective July 15, 1942. Mr. Shields seconded the motion and it was adopted by the following vote: Yeas: Messrs. Shields, Conway and Hartnett (3). Nays: Messrs. Brosius and Snook (2),"

should not certify to the city controller the name of plaintiff for payment of salary for the periods specified. The petition set forth that plaintiff could not be discharged without consent of the Director of the Department of Public Safety by whom he had been hired. Defendant filed a return in which he averred that plaintiff had been legally removed by council by resolution on June 30, 1942, and that no salary was due or payable to him.

After hearing, the court below awarded a peremptory writ of mandamus. This action was based on two grounds. The court held that, since council had by ordinance given the superintendent or director authority to hire employees, the right of dismissal was necessarily included, and that therefore council under the ordinance had no right to initiate proceedings for the hiring or dismissal of employees, those functions being given to the superintendent or director alone, subject merely to the approval or disapproval of council. It also held that council could not by the action taken dismiss plaintiff, an employee hired under the ordinance, over the protest and without the consent of the Director of the Department of Public Safety, as the accomplishment of such purpose required councilmanic act of equal solemnity with the original ordinance.

Plaintiff relies on the first ground stated by the court below; and his argument is in substance that the right to hire is the right to discharge, that council having delegated the right to hire to the Director of the Department of Public Safety it has delegated the right to discharge, and that the discharge of plaintiff being without the consent of the director he was entitled to a peremptory writ.

It is a well settled principle that the power to appoint generally includes the power to dismiss. *Com. ex rel. Schofield v. Lindsay,* 330 Pa. 120, 123, 198 A. 635, 1 Dillon, Municipal Corporations, 5th Ed., p. 677, foot-

note 4. But the cases cited by plaintiff for that principle have no application to the facts in the case before us. In those instances the original appointive power was involved. It is council that has "the power of appointment and dismissal of all employees and subordinate officers of the city." [3] Council did by ordinance provide that the Superintendent or Director of the Department of Public Safety "employ" necessary labor and service in the collection and disposal of garbage in the city, subject to the approval of council. But the primary power conferred by statute was in council. There was no express or exclusive delegation of power to dismiss employees granted to the superintendent or director. There was a limited authority to employ conferred, but final power to appoint and dismiss remained in council. Assuming that it could,[4] it has not limited itself to a consenting or dissenting body by the ordinance in question. The authority of the superintendent or director was limited to that expressly conferred by the ordinance. There are also practical reasons for this limited division of authority. Although the legislative power of third class cities is vested in the council composed of the mayor and four councilmen (Act of June 23, 1931, P. L. 932, art. 10, §1002, 53 PS §12198 —1002), it also has power of an administrative nature. Within its powers it may provide, as it deems necessary, for the good government and interest of the city; and its members may be assigned to supervise certain activities. This division of authority is naturally conducive to greater efficiency. But plaintiff's position

---

[3] The Third Class City Law, Act of June 23, 1931, P. L. 932, art. 9, §901, 53 PS §12198—901. The quoted part of this act is derived from and is identical with a portion of the Act of June 27, 1913, P. L. 568, art. 7, §8, 53 PS §11178. The Act of 1931, supra, §4701, repealed §8 of the Act of 1913. See *Kershenstein v. Johnstown et al.*, 310 Pa. 446, 165 A. 744.

[4] See 2 McQuillan, Municipal Corporations, 2d Ed. Rev., §§444, 665, pp. 81, 664.

is inconsistent with the recognition of council as a responsible entity. From his point of view it would follow that council would be subservient to the director's refusal to act in dismissing an employee no matter how objectionable such employee was or to what extent he was disruptive of the proper operation of the city's business; and it is quite obvious that the majority of council could be made helpless for a time at least to bring about a change required for the efficient administration of civic affairs. The authority of one member as the selected head of a department cannot be extended by implication to supersede the statutory power of council as a whole. Otherwise, the result would be intolerable.

We find no merit in the first ground; neither by reason nor authority can it be sustained.

As to the second ground of the court below plaintiff presents no argument and makes no attempt to support it. Plaintiff was an employee,[5] and the title informally conferred did not change his status. His discharge was not a legislative act, but related to the ordinary administration of the city's affairs. See *Com. ex rel. Schofield v. Lindsay,* supra, p. 124; 2 Dillon, Municipal Corporations, 5th Ed., §466, p. 784. The former requires an ordinance or an equivalent resolution (Act of June 23, 1931, P. L. 932, art. 10, §1010, 53 PS §12198 —1010); action on matters pertaining to the latter require no such formality. There was no attempt to change or repeal the ordinance in the action of council to discharge plaintiff, and there was no attempt to destroy any power that had been created by the ordinance. On the contrary, we think that the dismissal was an administrative matter clearly within the statutory powers of council, and that there was a legitimate exercise of such power as it related to the operation of a municipal function established by the ordinance in

---

[5] See *Finley v. McNair et al.,* 317 Pa. 278, 281, 176 A. 10.

question. Civil Service Acts are not here involved. We are of the opinion that the procedure followed was a sufficient compliance with the law, and that it did not violate or affect that ordinance.

In view of the conclusions which we have reached, it is unnecessary to discuss to any extent other questions. The abolition of the office of superintendent of garbage collection by the action of council on July 14, 1942, would seem superfluous. Plaintiff concedes in his brief that he was merely an employee, and that no such office had been established. Apparently there was nothing to abolish.

As to section 2403 of the Act of 1931, 53 PS §12198—2403, its grant of power is in addition to other powers granted to council by the act, and it is not in conflict with section 901, or with the power exercised thereunder by council in this case, as such action did not encroach upon the method prescribed for the employment of labor and services in section 3 of the ordinance involved.

The judgment is reversed, the petition for writ of alternative mandamus is dismissed; costs are to be paid by plaintiff.