Commonwealth ex rel. *v.* Hiltner, Appellant.

344

Argued January 18, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY and DREW, JJ.

*Samuel H. High,* with him *Muscoe M. Gibson,* for appellant.—Treasurer of borough under special charter cannot be removed except for cause: Com. v. Reid, 265 Pa. 328; Bright v. Coal Co., 10 Phila. 609; Evans v. Phillipi, 117 Pa. 226.

The treasurer could not be removed by new borough after annulment of special charter.

When the Constitution specified the number of classes into which cities shall be divided and prescribed the population or other qualifications of each class, or otherwise prescribed the manner in which legislation shall be made applicable to different cities, the constitutional direction is exclusive: Wheeler v. Phila., 77 Pa. 338;

Kilgore v. Magee, 85 Pa. 401; Ayar's App., 122 Pa. 266; Com. v. Moir, 199 Pa. 534; Beltz v. Pittsburg, 26 Pa. Superior Ct. 66.

It becomes important for appellant to show that the town council, which removed him, had not the power of removal: Com. v. Moir, 199 Pa. 534; Erie Academy v. Erie, 31 Pa. 515; Evans v. Phillipi, 117 Pa. 226.

It is decided in many cases that the Constitution of 1874 did not annul any existing law, except where the attempt was expressed in unambiguous language: Com. v. Maxwell, 27 Pa. 444; Com. v. Clark, 7 W. & S. 127.

The Act of 1927 violated the amendment of 1923 in that it did not apply to boroughs under special charters.

The Act of 1927 is unconstitutional as to boroughs under special charters.

The town council had no "legal" right to remove the respondent.

*William F. Dannehower, Jr.,* for appellee.—If the borough treasurer of Norristown is an officer within the meaning of article VI, section 4, of the Constitution, the town council was acting in the due exercise of a legal right when it removed the respondent from office on May 21, 1930, without cause.

As to whether or not a public servant is a public officer within the meaning of the constitutional section referred to, depends upon the answer to this question, Does he exercise grave and important public functions which involve the performance of some of the duties of the government?: Richie v. Phila., 225 Pa. 511; Com. v. Black, 201 Pa. 433; Houseman v. Com., 100 Pa. 222.

After applying the test, the courts have held the following to be public officers: Houseman v. Com., 100 Pa. 222; Com. v. Zulzner, 198 Pa. 502; Wolfe v. Burleigh, 25 Luz. L. R. 6; Com. v. Lynch, 22 Pa. C. C. 422; Com. v. Strauch, 14 Schuylkill Co. 125; Richie v. Phila., 225 Pa. 511; Com. v. Kelly, 29 Pa. Dist. 808; Arthur v. Com., 273 Pa. 410.

In Houseman v. Com., 100 Pa. 222, it was held that the office of collector of delinquent taxes of Philadelphia fell within article VI, section 4, of the Constitution and such officer was subject to removal at the pleasure of the receiver of taxes: Wolfe v. Burleigh, 25 Luz. L. R. 6.

OPINION BY MR. JUSTICE DREW, April 18, 1932:

This is a quo warranto proceeding to determine the right of the respondent to the office of treasurer of the Borough of Norristown. After hearing, the court below entered judgment of ouster against him; whereupon he took this appeal.

Prior to March 11, 1930, the Borough of Norristown functioned as "burgess and town council of the Borough of Norristown" under a special charter approved March 31, 1812, P. L. 255. The charter was supplemented by the Act of April 2, 1831, P. L. 389, which provided, inter alia, that the town council should have power "to appoint......a treasurer......annually, and such other officers as may be deemed necessary from time to time, and the same officers from time to time remove for misconduct, neglect and misdemeanor in office." On January 6, 1930, the town council of Norristown appointed respondent borough treasurer and he thereupon entered upon the duties of the office. On March 7, 1930, by decree of the Court of Quarter Sessions of Montgomery County, the petition of the burgess and town council of the Borough of Norristown for leave to surrender its special charter and accept the provisions of the General Borough Act of 1927, P. L. 519, was granted, and it was ordered that upon the recording of the decree the Borough of Norristown should be subject to all of the provisions of the General Borough Act, that the local and special acts of assembly in force in the borough should be annulled in their entirety or so far as they might be inconsistent with the provisions of the act, and that the title of the borough should be "The Borough of Norristown." The decree was recorded March 11, 1930.

In section 1006 of the General Borough Act it is declared to be one of the duties of the borough council "to appoint and remove a treasurer." On May 21, 1930, the borough council by resolution declared the respondent removed from office, and the relator, Frank A. Logan, was appointed treasurer in his stead, filing in accordance with the resolution a bond in the sum of $10,000. The relator, having taken the oath of office and entered upon his duties, called upon the respondent to turn over, in accordance with section 1105 of the act, all moneys of the borough remaining in his hands and to deliver all books, papers, accounts, etc., belonging to the borough to the relator as his successor. The respondent, contending that his removal was illegal, declined to acknowledge the relator as borough treasurer, and refused to turn over to him the property of the borough. Whereupon, the relator instituted the present quo warranto proceeding to determine the title to the office.

The respondent contends that the borough council while acting under the special charter could not remove him from office except for cause, and that the council could not obtain this power by acceptance of the General Borough Act, inasmuch as that act, in so far as it applies to boroughs under special charters, such as the Borough of Norristown, is unconstitutional. With this argument we cannot agree.

The controlling question in the case is this: Did the Constitution of 1874 make the borough treasurer subject to removal by the appointing power without cause? We think it did. Article VI, section 4, of the Constitution provides, inter alia, that, "Appointed officers, other than judges of the courts of record and the superintendent of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." The language of this section is clear and unequivocal, and it is obvious that it is inconsistent with the existence of a right to remove from office only for cause. When ordinary words are used in the Constitu-

tion they must be construed in the popular sense, as the people who voted for it understood them: Collins v. Kephart, 271 Pa. 428, 434; Busser v. Snyder, 282 Pa. 440, 449; Hoffman v. Kline, 300 Pa. 485, 494. As was said by Chief Justice BLACK in Moers v. Reading, 21 Pa. 188, "The Constitution is entitled, like other instruments, to a construction, as nearly as may be, in accordance with the intent of its makers." Therefore the general constitutional provision annulled and superseded section 5 of the special Act of April 2, 1831, and every appointed officer of the borough within the meaning of the Constitution after 1874, took office upon the clear understanding and condition that his term of office might be ended at the pleasure of the appointing power. No exceptions are mentioned in article VI, section 4, and no exception applicable to this case is mentioned in section 2 of schedule 1 adopted with the Constitution, which provides that, "All laws in force in this Commonwealth at the time of the adoption of this Constitution, not inconsistent therewith, and all rights, actions, prosecutions and contracts, shall continue as if this Constitution has not been adopted." The borough franchise, although accepted and acted upon, did not constitute a contract within the meaning of this section. "The borough was a mere agency of the State for governmental purposes; its charter was not a contract within the protection of the prohibition against laws impairing the obligation of contracts, and it had no vested rights to its powers and franchises. The agency was revocable": Gas Co. v. Downingtown, 175 Pa. 341. See also Erie v. Erie Canal Co., 59 Pa. 174; Phila. v. Fox, 64 Pa. 169; Gas & Water Co. v. Tyrone, 195 Pa. 566. Nor was it necessary for the legislature to pass any law to make effective this mandatory provision of article VI which was restrictive upon the right of appointed officers to be removed only for cause. That is, no enacting of supplementary legislation provided for by section 31 of the same schedule was necessary to make this provision effective. "It is a set-

tled rule of constitutional construction that prohibitive and restrictive provisions are self executing and may be enforced by the courts independently of any legislative action": 12 C. J. 731.

Irrespective, therefore, of the constitutionality of the Act of 1927, the borough council had the right to remove respondent from office without cause. Whether the council was acting under the special charter, or under the General Borough Act,—by which it was expressly given this power,—the council which appointed the respondent was legally capacitated, authorized and empowered to remove its appointee by virtue of the constitutional provision in article VI, section 4. The appointing power having acted to remove him, the respondent's title to his office as borough treasurer was at an end.

This is the only question that needs to be decided, and we rest our decision on this alone. It follows, therefore, that the various constitutional questions raised by the appellant, not being necessarily involved, are not now passed upon.

Nevertheless, respondent contends that, regardless of his own right to the office, the relator has no such interest in the office as to entitle him to institute this action. It is argued that, inasmuch as an unrepealed ordinance of the Borough of Norristown of 1890 required the borough treasurer to give bond in the sum of $25,000, the relator, not having given bond for more than $10,000 at the time of starting this proceeding, was not entitled to the office and cannot appear as relator. This argument is unsound. Respondent was properly removed from office, and as plaintiff was then appointed by the council, he was at least the de facto treasurer of Norristown: Krickbaum's Contested Election, 221 Pa. 521. His title to the office was superior to that of respondent, who had no right whatsoever, and his interest is certainly sufficient to entitle him to appear against one who has no claim whatever. Furthermore, it appears that in August, 1930, after this action was begun, the borough council

again appointed the relator treasurer, requiring bond in the sum of $25,000, which was given. Since any defect which there might have been in relator's title to the office has now been cured, we will not now require the action to be instituted anew.

The judgment of the court below is affirmed at the cost of the appellant.