Commonwealth ex rel. Schofield,
Appellant, *v.* Lindsay.

Argued March 30, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*James P. McArdle,* with him *William A. Magee,* for appellant.

*Anne X. Alpern,* First Assistant City Solicitor, with her *Churchill Mehard,* City Solicitor, for appellee.

OPINION BY MR. JUSTICE MAXEY, April 18, 1938:

This is a quo warranto brought by appellant, Edward A. Schofield, in the Court of Common Pleas of Allegheny County to determine title to the office of City Clerk of Pittsburgh.

The relator filed the suggestion that he was elected city clerk by the city council on September 2, 1936, to fill the unexpired part of the three-year term of Robert Clark, who had been elected on April 6, 1936, and had resigned. Relator qualified and entered upon his duties as city clerk and continued in office until January 17, 1938, when he was removed by a resolution of the city council without notice or hearing. On the same day Edward W. Lindsay was chosen as his successor and has since been performing the duties of the office. Lindsay answered and relator demurred. The court overruled the demurrer and this appeal followed.

The Act of March 7, 1873, P. L. 229, authorizes the councils of the City of Pittsburgh to elect a "city clerk, and one person as assistant clerk, to serve for the term of three years, and until successors are duly elected, if they shall, respectively, so long behave themselves well." The City Charter Act for cities of the second class, enacted March 7, 1901, P. L. 20, authorizes, in Article XIX, Section 3, such cities "to create any office which

they may deem necessary for the good government and interests of the city."

The court below held that "the relator, Schofield, was chosen under the authority of the Act of 1873" and said that "since there is no statutory provision for the removal of such officer . . . we must look to the fundamental law." Article VI, section 4, of the Constitution provides: ". . . Appointed officers, other than judges of courts of record and superintendents of public instruction, may be removed at the pleasure of the power by which they shall have been appointed." In *Com. ex rel. v. McElwee*, 327 Pa. 148, 193 A. 628, we said: "No principle is more firmly imbedded in our law than that when the Constitution expressly provides a single method for accomplishing a particular purpose that method is exclusive."

Appellant contends that the tenure upon good behavior prescribed by act of assembly implies security against removal except after charges of misbehavior, notice and hearing. We cannot accept this view. The phrase "if they shall so long behave themselves well" adds no more to a city clerk's security of tenure than does the phrase "for the term of three years." *Any day* after the relator was appointed city clerk he could have been removed by the appointing power regardless of *either* phrase because the Constitution lodges the power of removal in the appointing power, and what the Constitution lodges no legislature can dislodge or diminish. The phrase "if they shall so long behave themselves well" in the Act of 1873, if interpreted, as appellant contends, to mean relative security of tenure, cannot override the plain provision of the Constitution that "appointed officers . . . may be removed at the pleasure of the power" appointing them. In the case of *Georges Twp. School Directors*, 286 Pa. 129, 133, 133 A. 223, this Court said: "It is to be noted that, in so far as appointive officers are concerned, there is the right, under the provision cited [Article VI, Section 4, of the Constitu-

tion], on the part of the one selecting to remove at his own pleasure (contrary to the rule theretofore in force, *Field v. Com.,* 32 Pa. 478; *Brower v. Kantner,* 190 Pa. 182, 43 A. 7), and this applies not only to officers designated by the governor, but to those permitted by the legislature to make the appointment in question, whether the employment be by the State, a county or municipality *(Seltzer v. Fertig,* 237 Pa. 514, 85 A. 869; *Houseman v. Com.,* 100 Pa. 222; *Com. v. Hoyt,* 254 Pa. 45, 98 A. 782; *Com. v. Connor,* 207 Pa. 263, 56 A. 443), though the requirements of article VI, section 4, have never been applied to what are known as petty officers, such as policemen, and the like: *Com. v. Black,* 201 Pa. 433, 50 A. 1008; *Richie v. Phila.,* 225 Pa. 511, 515, 74 A. 430."

Article VI, section 4, of the Constitution is an expression of a governmental principle which is supported both by reason and authority. It is a tenet of good government that except in those cases where the public welfare requires that an official charged with important governmental functions should be protected against interference on the part of the executive and in those cases where special classes of public servants, such as policemen and firemen, are placed under civil service protection, the power of removal is correlative with the power of appointment. The liability to summary removal attaches with manifest appropriateness to those subordinates who occupy close confidential relations with their superiors in the public service. The relation of a city clerk to the city council is almost as close and confidential as that of a private secretary to his chief. The city clerk is present at the meetings of the council; he hears the council's discussions; he makes official entries of all proceedings, votes, orders, resolutions and ordinances; his records are received as the best evidence of the official acts of the council, and he is the custodian of all their journals, books and papers. To hold that city council must retain in this confidential position a clerk who for any reason is unacceptable to it would result in

a disturbed municipal situation inconsistent with the efficient administration of civic affairs. Dillon on Municipal Corporations (5th ed.), section 466, says: "The exercise of the power to remove an officer is essentially administrative in its nature. Even when the city council or other removing power sits to hear charges against an officer as a cause for removal, it is an administrative body exercising administrative functions."

The judgment is affirmed.