Philadelphia, Appellant, *v.* Sacks.

Argued April 29, 1965. Before BELL, C. J., MUSMANNO, JONES, COHEN, O'BRIEN and ROBERTS, JJ.

194

*Levy Anderson,* First Deputy City Solicitor, with him *William G. Klenk, II,* Assistant City Solicitor, *Matthew W. Bullock, Jr.,* Deputy City Solicitor, and *Edward G. Bauer, Jr.,* City Solicitor, for City of Philadelphia, appellant.

*Thomas A. Masterson,* with him *Gregory M. Harvey,* and *Morgan, Lewis & Bockius,* for appellee.

*Edward R. Becker,* with him *Stanley M. Greenberg,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, May 25, 1965:

The City of Philadelphia appeals from a final Order of the Court below which dismissed the City's petition for a declaratory judgment because a quo warranto proceeding had been brought by the Attorney General in the Commonwealth Court in Dauphin County to determine the basic questions which the City sought to raise in its suit. The City, asserting that the Court's denial of its petition for a declaratory judgment raised a question of jurisdiction, took this appeal under the Act of March 5, 1925, P. L. 23, 12 P.S. §672.

Section 3(b) of the First Class City Permanent Registration Act of March 30, 1937, P. L. 115, 25 P.S. §623-3(b), is as follows: "(b) The registration commission shall consist of five commissioners . . . who shall be appointed by the Governor, *with the advice and consent of the Senate,** and shall hold office for terms of four years, *or until their successors qualify,* unless sooner removed or otherwise disqualified: [with a proviso which is not relevant]."

At the end of the year 1964, the Registration Commission of the City of Philadelphia was composed of Messrs. Hamilton, Sacks, Salkind, Schmidt and

---

* Italics throughout, ours.

Sweeney. According to their respective commissions, the term of each of them was to expire on Wednesday, January 6, 1965. Sacks was then Chairman of the Commission and was serving out his fourth term. On each of the commissions issued to him, his term was stated to expire on January 6th. *Schluraff v. Rzymek,* 417 Pa. 144, 208 A. 2d 239, holds that every person appointed for a fixed term may be removed by the appointing power at will and without cause.

On December 29, 1964, the Governor of Pennsylvania (1) appointed Donald C. Rubel a Registration Commissioner in the place of Sacks, and (2) reappointed the other four members of the existing Commission. By the provisions of each of said appointments, each of said Commissioners was to serve a term commencing January 5, 1965 and ending with the expiration of the next ensuing session of the Senate. On January 5, 1965, (a) the 1965 Session of the Pennsylvania Legislature commenced; (b) Rubel took his oath of office as a Commissioner, and (c) at a meeting convened by Sweeney and attended only by Messrs. Rubel, Hamilton and himself, Sweeney was elected Chairman.

The City Solicitor of Philadelphia advised Sacks by written Opinion that the Governor's appointment of Rubel was invalid, and that Sacks' term of office continued to run until a substitute Commissioner was appointed by the Governor and confirmed by the Senate.

On January 7, 1965, the City Solicitor filed in the Court of Common Pleas No. 3 of Philadelphia County a petition for a declaratory judgment on the question involved, and named as respondents, not all the Commissioners but only Sacks, Rubel and Sweeney.

On January 11, 1965, the Commonwealth by the Attorney General filed an action in quo warranto against Sacks in the Commonwealth Court in Dauphin County, challenging his right to hold the office of Com-

missioner. In the absence of unusual or extraordinary circumstances, quo warranto is the proper and exclusive remedy to try title to public office. *Mayer v. Hemphill,* 411 Pa. 1, 190 A. 2d 444.

On January 14, 1965, two of the respondents in the City's case, Rubel and Sweeney, filed a petition for a rule to show cause why the City's petition for a declaratory judgment should not be dismissed because of the Court's lack of jurisdiction. On February 19th, the respondents' rule was made absolute and the City's petition for a declaratory judgment was dismissed. From this Order the City took this appeal.

We were advised at oral argument that the Governor of Pennsylvania submitted Rubel's appointment as a Commissioner to the Senate for confirmation, but his appointment had not been confirmed nor acted upon by the Senate.*

In the light of all the aforesaid facts, we are unanimously of the opinion that the Court of Common Pleas No. 5 of Philadelphia County properly exercised its discretion and wisely refused to entertain a declaratory judgment proceeding.

Order affirmed.

---

* On March 12, 1965, City Council, pursuant to both Constitutional and statutory authority, adopted an Ordinance abolishing the Registration Commission, subject to the approval of the electorate of Philadelphia County at the primary election to be held on May 18, 1965. On May 18, 1965, the voters of Philadelphia County approved this Ordinance and if it was validly adopted, thereby abolished the Registration Commission.