Naef, Appellant, *v.* Allentown.

Argued January 5, 1967. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

598

*O. Jacob Tallman,* with him *John R. Hudders,* and *Butz, Hudders & Tallman,* for appellants.

*Harry A. Kitey,* Assistant City Solicitor, for City of Allentown, appellees.

OPINION BY MR. JUSTICE EAGEN, March 21, 1967:

The question posed by these appeals is, whether or not the city solicitor and assistant city solicitors of a third class city in Pennsylvania may be removed from office and deprived of the emoluments thereof at the pleasure of the city council, and, without cause shown, at any time prior to the expiration of the four-year terms for which the appointments were made.[1] The lower court answered the question in the affirmative. We agree and affirm.

Article VI, §4 of the Constitution of Pennsylvania provides in part: "Appointed officers, other than judges of the courts of record and the Superintendent of Public Instruction, may be removed at the pleasure of the power by which they shall have been appointed."

In a multitude of decisions, this Court has ruled that, under the above constitutional provision, appoint-

---

[1] The question was raised below by way of preliminary objections in the nature of a demurrer to complaints filed in actions of mandamus and assumpsit. The court sustained the demurrers, dismissed the complaints and entered judgments for the defendants.

ed public officers are removable from office at the pleasure of the appointive power even though the appointments were made for a statutorily fixed term. See, *Philadelphia v. Sacks,* 418 Pa. 193, 210 A. 2d 279 (1965); *Schluraff v. Rzymek,* 417 Pa. 144, 208 A. 2d 239 (1965); *Commonwealth ex rel. Houlahen v. Flynn,* 348 Pa. 101, 34 A. 2d 59 (1943); *Commonwealth ex rel. Schofield v. Lindsay,* 330 Pa. 120, 198 A. 635 (1938); *Commonwealth ex rel. v. Hiltner,* 307 Pa. 343, 161 A. 323 (1932); *Muir v. Madden,* 286 Pa. 233, 133 A. 226 (1926); and, *Lane v. Commonwealth,* 103 Pa. 481 (1883). Moreover, in *Mitchell v. Chester Housing Authority,* 389 Pa. 314, 132 A. 2d 873 (1957), such right of removal was upheld, even though the statute under which the appointments involved (secretary and executive director of a public housing authority) were made provided for a system of rotated or staggered terms.

However, in *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A. 2d 354 (1956), this Court held that Article VI, §4 of the Pennsylvania Constitution, supra, must be read in conjunction with Article XII, §1 thereof, which provides in part as follows, "all officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law . . .," and ruled that where the legislature creates a public office, it may impose such terms and limitations with reference to tenure or removal of an incumbent as it sees fit. In *Watson,* supra, the Court concluded that where public officers are appointed to a legislatively created commission or board, for a statutorily fixed term with staggered expiration dates, the presence of the staggered term provision indicates a legislative intent that the holders of the office are not to be removed at the pleasure of the appointor. This ruling in *Watson* was subsequently followed in *Bowers v. Penna. Labor Relations Board,* 402 Pa. 542,

167 A. 2d 480 (1961); and, *Commonwealth ex rel. Hanson v. Reitz,* 403 Pa. 434, 170 A. 2d 111 (1961).

In the instant case the city solicitor and assistant solicitors were appointed for a term of four years under the provisions of The Third Class City Code, Act of June 28, 1951, P. L. 662, §§16 and 16.1, 53 P.S. §§36601 and 36609. No staggered terms are involved, and likewise no appointments to a board or commission. Nevertheless, appellants contend that the history and changes in the provisions of The Third Class City Code, providing for the office of a city solicitor indicates a strong legislative intent that such appointees are not now removable at the will of the appointing power. They point out that §16 of the Act of 1951, supra, which presently authorizes the appointment of a city solicitor for a third class city, repealed and superseded Article XVI, §1601 of the Act of June 23, 1931, P. L. 932, and both legislative enactments had their roots in Article X, §1 of the Act of June 27, 1913, P. L. 568. They note that the pertinent sections in the Acts of 1913 and 1931, supra, specifically included a provision stating that the city solicitor could be removed at the pleasure of the appointor, but no such reference or provision is included in §16 of the Act of 1951. They maintain that the failure of the legislature to re-enact this provision in §16 of the Act of 1951 means that the city solicitor was not henceforth to be removed at will. They also note that the commencement of the solicitor's term was changed from January to May by the Act of 1951.

What the appellants overlook is that at the same time the legislature was deleting the removal language in §16 of the Act of 1951, they re-enacted another section of The Third Class City Code dealing with precisely the same subject. Article IX, §901 of the Act of 1931, supra, provided: "Council shall have the power of appointment and dismissal of all employes and

subordinate officers of the City . . . ." As re-enacted and amended in 1951, this portion of the act provides: *"Council shall have the power of appointment and dismissal of all city officers and employes other than elected officers . . . ."* Act of June 28, 1951, P. L. 662, §9, 53 P.S. §35901. (Emphasis added.)

The above quoted section of the Act of 1951, and §16 thereof, both deal with the appointment of municipal officers and must be read in conjunction with each other. See, 1 Sutherland, Statutory Construction §1935 (3d ed. Horack 1943). So read, the conclusion is inevitable that the legislature clearly intended that all appointive city officers, including the city solicitor, were subject to the council's dismissal power.

Both public policy considerations and common sense dictate the wisdom of the legislature in vesting such control in the council. The solicitor is an important confidant of the council and the mayor in the administration of the city's business. To hold that one who is unacceptable must be retained in such a position would lead to a seriously disturbed municipal situation. Cf. *Commonwealth ex rel. Schofield v. Lindsay,* supra.

Since we rule that the appellants have no right to reinstatement to the posts involved, their claims for the emoluments of the office must also be denied. An appointment to a public office for a fixed term and salary is not a contract within the protection of the Constitution. See, *Vega v. Burgettstown Borough,* 394 Pa. 406, 147 A. 2d 620 (1958). The compensation is incidental to the office and is governed by the right thereto. The emoluments are annexed to the office and not to the person; hence the salary belongs to the officer, de jure. If the officer is properly dismissed, the salary ceases. See, 4 McQuillin, Municipal Corporation §12.205 (3d ed. 1949).

We have primarily directed our attention in this opinion to the right of the city solicitor to continue in

office for the term fixed by his appointment. Our ruling in reference thereto necessarily determines the right of the assistant solicitors to also continue in office. In view of this, we deem it unnecessary to determine whether or not an assistant city solicitor is a constitutional public officer or merely enjoys the status of a professional employee. But see, *Commonwealth ex rel. Foreman v. Hampson*, 393 Pa. 467, 143 A. 2d 369 (1958).

Judgments affirmed.

CONCURRING OPINION BY MR. CHIEF JUSTICE BELL:

Solely because I am such a strong believer in and advocate of the principle of stare decisis, I join in the (majority) Opinion of the Court.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I dissent from the Court's conclusion that §§16 and 16.1 of The Third Class City Code make the city solicitor and assistant city solicitors of third class cities removable at the pleasure of the body appointing them. My dissenting opinion in *Schluraff v. Rzymek*, 417 Pa. 144, 147-52, 208 A. 2d 239, 240-43 (1965), a case involving a question of statutory interpretation closely analogous to this one, contains most of the reasons for my dissent here. I would add, however, that the instant statutes' specification of the day on which the terms of the city solicitors and assistant city solicitors begin,* when coupled with the specified length of the

---

*Act of June 23, 1931, P. L. 932, §§1601, 1610, as amended, Act of June 28, 1951, P. L. 662, §§16, 16.1, 53 P.S. §§36601, 36609:

"The council of each city shall, on the first Monday of May, one thousand nine hundred and fifty-two, and on the first Monday of May every fourth year thereafter, or as soon thereafter as practicable in each of said years, appoint a city solicitor, who shall be learned in the law and admitted to practice in the Supreme Court of the Commonwealth, and shall maintain an office in the

term, makes me even more certain that I was in *Schluraff* that the Legislature did not intend such officers to be removable at the pleasure of the body appointing them.

city. He shall serve for a term of four years from the said first Monday of May and until his successor is qualified. He shall receive a fixed annual salary to be provided by ordinance. He shall give lawful bond to the city, with a surety or other company authorized by law to act as surety, to be approved by council, in such sum as they shall by ordinance direct, conditioned for the faithful performance of his official duties. Vacancies in said office shall be filled by council for the unexpired term.

. . .

"The council of each city may appoint one or more assistant city solicitors, whose term of office shall be concurrent with that of the city solicitor, and whose compensation shall be fixed by resolution, and who shall assist the solicitor in the performance of all duties prescribed for him."