Commonwealth, Appellant, ex rel. Specter *v.*
Vignola.

2

Argued April 28, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

reargument refused February 2, 1972.

*Israel Packel,* Special Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for Commonwealth, appellant.

*I. Raymond Kremer,* with him *James D. Crawford,* Assistant District Attorney, and *Kremer, Krimsky & Luterman,* for appellees.

OPINION BY MR. CHIEF JUSTICE BELL, December 20, 1971:

On February 8, 1971, Governor Milton J. Shapp appointed Louis E. Vignola as President Judge of the Traffic Court of Philadelphia, just after issuing an Order removing John Patrick Walsh from the office of President Judge of the said Court. The Constitutional validity of this exercise of gubernatorial power of removal and appointment is the narrow but important question here involved.

John Patrick Walsh was elected as a Magistrate in a Municipal Election held November 7, 1967, for a term of six years, commencing the first Monday of 1968. Walsh was one of a number of Magistrates assigned as Judges to the Traffic Court by virtue of and under Judiciary Article V, Section 6(c), and under Section 16(e) of the Schedule to the Judiciary Article, of the Constitution of 1968. On January 1, 1969, Governor Raymond P. Shafer appointed and commissioned Judge Walsh as President Judge of the Traffic Court. Governor Shafer's appointment reads, in pertinent part, as follows:

"THEREFORE, KNOW YE, that in conformity to the provisions of the Constitution and laws of the Commonwealth of Pennsylvania, in such case made and provided, I do by these presents Commission you, John Patrick Walsh, to be PRESIDENT JUDGE of the Traffic Court of the City of Philadelphia.

"YOU ARE, THEREFORE, to have and to hold the said office, together with all the rights, powers and emoluments thereunto belonging, or by law in anywise appertaining, *From January 1, 1969, until the First Monday of January 1974, if you shall so long behave yourself well.*"*

---

* Italics throughout, ours.

On February 8, 1971, Judge WALSH instituted an action in quo warranto to challenge the appointment by Governor Shapp of Judge Louis E. VIGNOLA as *President* Judge of the Traffic Court. A three-Judge Court from the Court of Common Pleas of Philadelphia was appointed to hear and decide the case. The lower Court heard argument on the preliminary objections in the nature of a demurrer, aided by a stipulation in which the parties agreed (inter alia) that there were no disputed facts. The lower Court held that Governor Shapp's removal of Judge WALSH from the office of President Judge of the Traffic Court violated the Constitution and his subsequent appointment of Judge VIGNOLA to that office was a nullity. This appeal followed.

The appointment by Governor Shafer of Judge WALSH as President Judge of the Traffic Court was made pursuant to Section 16(i) of the Schedule** to Judiciary Article V. Section 16(i) pertinently provides: "The Governor shall appoint one of the judges of the traffic court as *president judge*** for a term of five years or at the pleasure of the Governor."

We hold that Section 16(i) of the Schedule to Article V gives the Governor at the time of the appointment an alternative choice of either appointing a *President Judge* of the Traffic Court to serve "for a term of five years *or*" appointing him to serve "at the pleas-

---

** The preamble to the Schedule to Judiciary Article provides in pertinent part: "This schedule is a part of this judiciary article, and it is intended that the provisions contained herein shall have the same force and effect as those contained in the numbered sections of this article".

*** Subsection (i) continues as follows: "The president judge of the traffic court shall be eligible to succeed himself as president judge for any number of terms, shall be the executive and administrative head of the traffic court, and shall supervise the judicial business of the court, shall promulgate all administrative rules and regulations, and shall make all judicial assignments."

ure of the Governor". In other words, the Governor at the time of the appointment can either make this appointment for a fixed term of five years' tenure *or* can appoint for an indefinite term, subject always in such an appointment to removal "at his pleasure".

Generally speaking, "or" means "or", not "and". Moreover, it is clear that the intent of the members to the Constitutional Convention was to make this appointive power in the alternative, thereby precluding the exercise of the Governor's removal power under Article VI, Section 7, once the Governor elected to appoint the President Judge for a fixed five-year term. This is made even more apparent by comparing an earlier proposed draft of Section 16(i) to the present language found in Section 16(i) as adopted. The earlier draft read, in pertinent part: "There shall be a Chief Judge of the Traffic Court who shall be appointed by the Governor for a term of four years, *and* shall serve at his pleasure, and who shall be eligible to succeed himself for any number of years." It is clear that the members of the Constitutional Convention intended to create an alternative choice for the appointment by the Governor of a President Judge when they changed the conjunctive word "and" to the disjunctive word "or". We are bound to give "or" its normal disjunctive meaning unless its ordinary meaning would "produce a result that is absurd or impossible of execution or highly unreasonable or would manifest change or nullify the intention of the [Constitutional Convention]." *Garratt v. Philadelphia*, 387 Pa. 442, 127 A. 2d 738. Cf. Statutory Construction Act of May 28, 1937, P. L. 1019, Section 52, 46 P.S. §552.

Appellant Vignola contends that the appointment for a term of five years *or* at the pleasure of the Governor means (1) that the Governor can appoint *and remove at his pleasure,* and (2) that his appointee re-

mains subject to the removal provisions of Article VI, Section 7, of the Constitution.

Article VI, Section 7, provides in pertinent part as follows: "All civil officers shall hold their offices on the condition that they behave themselves well while in office, and shall be removed on conviction of misbehavior in office or of any infamous crime. *Appointed civil officers, other than judges of the courts of record, may be removed at the pleasure of the power by which they shall have been appointed.* All civil officers elected by the people, except the Governor, the Lieutenant Governor, members of the General Assembly and Judges of the courts of record, shall be removed by the Governor for reasonable cause, after due notice and full hearing, on the address of two-thirds of the Senate."

WALSH was not elected but was *appointed* President Judge, and the Traffic Court is not a Court of record. Act of October 17, 1969, P. L. 263, Section 1, 17 P.S. §712.1. Therefore, the President Judge would be an appointed civil officer and removable at the pleasure of the Governor if this provision were applicable in this case. Moreover, it is a general rule that appointed public officers are removable from office at the pleasure of the appointing power, even though the appointments were made for a statutorily fixed time. *Naef v. Allentown,* 424 Pa. 597, 598-599, 227 A. 2d 888; *Philadelphia v. Sacks,* 418 Pa. 193, 210 A. 2d 279; *Schluraff v. Rzymek,* 417 Pa. 144, 208 A. 2d 239. However, this general or statutory rule is subject to legislative change by virtue of Article VI, Section 1, which provides: "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law." *Watson v. Pennsylvania Turnpike Commission,* 386 Pa. 117, 125 A. 2d 354; *Weiss v. Ziegler,* 327 Pa. 100, 104, 193 Atl. 642; *Milford Township Supervisors' Removal,* 291 Pa. 46, 52, 139 Atl. 623.

While the Articles and provisions of the Constitution must be read and construed together, if or when there is any overlapping or any apparent ambiguity or real conflict or inconsistency, *the specific must prevail over the general. Cali v. City of Philadelphia,* 406 Pa. 290, 177 A. 2d 824; Statutory Construction Act of May 28, 1937, P. L. 1019, Art. IV, 46 P.S. §563.

It is clear that Section 16(i) of the Schedule to Judiciary Article *provides definitely and specifically* for the appointment, tenure and removal of the *President* Judge of the Traffic Court. Therefore, these specific provisions of Section 16(i) must prevail over the general provision in Article VI, Section 7, for removal of appointed civil officers.

To summarize: We hold that Judge WALSH was *appointed* by the Governor, President Judge of the Traffic Court *for a fixed five-year term with fixed tenure* pursuant to Section 16(i) of the Schedule to Article V of the Constitution, and that he cannot be removed by the Governor either under the "at pleasure" provision of Section 16(i) or under the general-removal-power provision in Article VI, Section 7.

Order affirmed.

———

DISSENTING OPINION BY MR. JUSTICE EAGEN:

The nub of the majority opinion is that Section 16(i) of the Schedule to the Judiciary Article provides specifically for the (1) appointment, (2) tenure, and (3) *removal* of the President Judge of the Traffic Court and therefore these specific provisions of Section 16(i) must prevail over the general removal power (Article VI, Section 7) because of the command of Article VI, Section 1.[1]

———

[1] Article VI, Section 1 provides: "All officers, whose selection is not provided for in this Constitution, shall be elected or appointed as may be directed by law."

Close scrutiny of the instant provisions together with our decisional law in this area amply demonstrates that such a holding does not withstand analysis. Hence, I share the view of Mr. Justice ROBERTS that the words ". . . for a term of five years or at the pleasure of the Governor" define a *term* of service and that only. I cannot find any implicit hint of purpose concerning the Governor's removal power in Section 16(i), much less an explicit statement circumscribing it. For this reason I would hold that the general removal power continues to operate in the same field of force as Section 16(i) and that it must of necessity follow that the present Governor had the *constitutional* right to remove Judge WALSH from his administrative position as President Judge.

At the outset it is curious to note that the phrase *"at-the pleasure"* was used in both constitutional provisions critical to this dispute.[2] If it could be demonstrated that such phrase means the same thing in both provisions the argument of the appellee and of the majority here, which asserts that Section 16(i) deals with the question of removal rendering Article VI, Section 7 superfluous, would be irresistible.

However, the case law does not warrant or justify such a view in my estimation. In *Commonwealth ex rel. v. Hiltner*, 307 Pa. 343, 161 A. 323 (1932), this Court construed the immediate predecessor of Article VI, Section 7 (then Article VI, Section 4, since renumbered without substantial change and with no change in the

---

[2] Schedule Article V, 16(i) provides in pertinent part: "The Governor shall appoint one of the judges of the traffic court as president judge for a term of five years or *at the pleasure* of the Governor." [Emphasis supplied.]

Article VI, §7 provides in pertinent part: "Appointed civil officers, other than the judges of the courts of record, may be removed *at the pleasure* of the power by which they shall have been appointed." [Emphasis supplied.]

phrase now under discussion) to provide for removal without cause.[3]  Accord, *Buell v. Union Twp. School Dist.,* 395 Pa. 567, 150 A. 2d 852 (1959).

If the phrase *"at the pleasure"* meant *without cause* in Article VI, Section 4 as this Court said it did [and if it continues to hold such meaning in renumbered Article VI, Section 7] then I submit that it now tortures the English language to fit that same meaning into the context of Section 16(i). Patently, the identical phrase in the two different sections was intended and must be construed to have two different meanings.

Hence, we come full circle to Mr. Justice ROBERT's wise conclusion that the disjunctive phrase "or at the pleasure" is a temporal term relating to the length of the term of office as president judge and does not refer to the removal power even indirectly.  Thus it follows that Article VI, Section 7 would still be operative and would serve as the source of power for the Governor's action in removing Judge WALSH from his post as President Judge.

Any other interpretation would depart from the guidelines reiterated by Mr. Chief Justice BELL in the recent decision of *Rogers v. Tucker,* 443 Pa. 509, 279 A. 2d 9 (1971), where he cited with approval *Commonwealth v. Russo,* 388 Pa. 462, 471, 131 A. 2d 83, 88 (1957). "We have no right to disregard or [unintentionally] erode or distort any provision of the Constitution, especially where, as here, its plain and simple language makes its meaning unmistakably clear. . . ."

---

[3] In *Hiltner,* the treasurer of the Borough of Norristown had been appointed by the town council pursuant to the town's charter and under the Act of 1831 which provided for an annual term and removal only for cause. In referring to Article VI, §4, the court said at page 347: "The language of this section is clear and unequivocal, and it is obvious that it is inconsistent with an existence of a right to remove from office only for cause" and held that the treasurer could be removed *"at the pleasure"* of the town council.

Additionally, as was aptly pointed out, where those who amended the Constitution intended that the ordinary power of removal should not apply, they plainly and distinctly said so. For example, see Section 18(b) of Article V of the Constitution, adopted at the same time as Section 16(i) of the Schedule to Article V, which provides with respect to members of the Judicial Inquiry and Review Board: "The members shall serve for terms of four years, provided that a member, rather than his successor, shall continue to participate in any hearing in progress at the end of his term. A vacancy on the board shall be filled by the respective appointing authority for the balance of the term. *The respective appointing authority may remove a member only for cause.* No member shall serve more than four consecutive years; he may be reappointed after a lapse of one year. Annually the members of the board shall elect a chairman. The board shall act only with the concurrence of a majority of its members." [Emphasis supplied.]

I dissent!

------

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I am compelled to dissent, for I am unable to accept the majority's interpretation of Section 16(i) of the Schedule to Article V. In my view, the words ". . . for a term of five years or at the pleasure of the Governor" define a term of service. Thus, the administrative appointment to President Judge of the Philadelphia Traffic Court is at the pleasure of the Governor, but in no event shall the appointee serve beyond a five-year period.

The instant case is distinguishable from *Naef v. Allentown*, 424 Pa. 597, 227 A. 2d 888 (1967) and *Schluraff v. Rzymek*, 417 Pa. 144, 208 A. 2d 239 (1965), where I dissented from the majority's approval of the removal of city solicitors in one instance and a member

of the Erie County Board for the Assessment and Revision of Taxes in the other. In those decisions a public official was being *entirely* removed from office when he had been specifically appointed for a fixed term merely because the terms were not staggered.

On the other hand, in the case now before us, the Governor is not attempting the removal of Judge WALSH from his judicial office but merely seeks to reassign the administrative position of President Judge. The case is thus closely analagous to our decision in *Daly v. Hemphill,* 411 Pa. 263, 191 A. 2d 835 (1963), where, in speaking of the Governor's power to appoint a Chief Magistrate for the Magistrate's Court of Philadelphia, this Court said: "Should the Governor choose to remove a Chief Magistrate, the latter no longer serves in the capacity of *Chief* Magistrate, but he does retain his judicial position undisturbed until the expiration of his elected term. . . . [T]he duties of the Chief Magistrate, beyond those performed as magistrate, are purely administrative and executive responsibilities dealing with the non-judicial functions of the magistrates' courts, and are not part of the judicial power." Id. at 268, 191 A. 2d at 839.

Accordingly, I dissent.

Mr. Justice POMEROY joins in this dissent.