**Robert C. WEYENBERG, Plaintiff,**

v.

**TOWN OF MENASHA, a Quasi-municipal Corporation, et al., Defendants.**

**No. 75–C–500.**

United States District Court,
E. D. Wisconsin.

Dec. 30, 1975.

Di Renzo & Bomier by James A. Rebholz, Neenah, Wis., for plaintiff.

Fulton, Menn & Nehs by Franklin L. Nehs, Robert D. Bauman, Appleton, Wis., for Page.

Dempsey, Magnusen, Williamson & Lampe by Timothy M. Dempsey, Oshkosh, Wis., for Strohmeyer and Unkefer.

Herrling, Clark & Hartzheim by Roger W. Clark, Appleton, Wis., for Town of Menasha.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before the court on the plaintiff's motion for a preliminary injunction. Also under consideration is the defendant Town of Menasha's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), Federal Rules of Civil Procedure.

Insofar as the motion for preliminary injunction is concerned, I am not satisfied that the court has been fully apprised of the circumstances surrounding the elimination of the plaintiff's job as superintendent of the Menasha police department. Accordingly, a preliminary injunction will not issue, but the temporary restraining order entered on September 26, 1975, will remain in effect pending the submission of further affidavits.

The temporary restraining order of September 26, 1975, was premised upon my conclusion that it was likely Mr. Weyenberg had lost his job because of accusations concerning his misconduct or incompetence. However, the plaintiff has never specified what conduct it is he has been accused of engaging in so that the court can determine whether the alleged accusations do concern misconduct or incompetence; both the plaintiff and the defendant have chosen to stand on the submissions they made in connection with the motion for temporary restraining order.

As a consequence, I believe it is appropriate to require the submission of affidavits by the plaintiff detailing what it is he has been accused of doing; the defendant will be granted an opportunity to respond to the plaintiff's affidavits.

The town of Menasha's motion to dismiss urges that this court has no jurisdiction under 28 U.S.C. §§ 1343(3) or

(4) and that no cognizable claim for relief has been stated under 42 U.S.C. §§ 1983, 1985 and 1988. It is well settled that a municipality cannot be sued under the above civil rights statutes. *City of Kenosha v. Bruno*, 412 U.S. 507, 93 S.Ct. 2222, 37 L.Ed.2d 109 (1973); *Moor v. County of Alameda*, 411 U.S. 693, 93 S.Ct. 1785, 36 L.Ed.2d 596 (1973); *Nugent v. Sheppard*, 318 F.Supp. 314 (N.D.Ind.1970).

Although the plaintiff has alleged jurisdiction pursuant to 5 U.S.C. §§ 702 and 703, I fail to see what bearing these provisions of the administrative procedure act have on this case; the administrative procedure act pertains to *federal* agency action, 5 U.S.C. § 701(b)(1).

The plaintiff has argued that each of his three causes of action arises directly under the Constitution with jurisdiction presumably based upon 28 U.S.C. § 1331. In my opinion, the third cause of action which alleges a conspiracy, must be dismissed as against the town of Menasha because, even were conspiracy to deprive a person of constitution rights actionable in the absence of 42 U.S.C. § 1985(3), there are no allegations implicating the town, as such, in the conspiracy.

The first two claims allege that the town has denied the plaintiff his due process and equal protection rights. Only injunctive relief is sought against the town. Under these circumstances, I conclude that this action is maintainable directly under the constitution, with jurisdiction predicated upon 28 U.S.C. § 1331. *Patterson v. City of Chester*, 389 F.Supp. 1093, 1096 (E.D.Pa.1975). See also *Skehan v. Board of Trustees of Bloomburg State College*, 501 F.2d 31, 44 (3d Cir. 1974), vacated on other grounds, 421 U.S. 983, 95 S.Ct. 1986, 44 L.Ed.2d 474, 43 U.S.L.W. 3624 (1975).

Therefore, IT IS ORDERED that the temporary restraining order entered on September 26, 1975, be and hereby is extended until such time as the court can consider the affidavits of the parties concerning the specifics of the alleged accusations of incompetence or misconduct of the plaintiff; such affidavits are to be supplied in accordance with the following schedule:

The plaintiff should serve and file his affidavit on or before January 12, 1976; the defendant's counter-affidavits should be served and filed on or before January 26, 1976; the plaintiff's reply affidavits should be served and filed on or before February 5, 1976.

IT IS ALSO ORDERED that the defendant town of Menasha's motion to dismiss be and hereby is granted as to the third cause of action and insofar as the first and second causes of action are based upon 42 U.S.C. §§ 1983, 1985 or 1988 with jurisdiction allegedly arising under 5 U.S.C. §§ 702 and 703 and 28 U.S.C. §§ 1343(3) and (4); in all other respects such motion is denied.